UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ALFRED EUGENE WARD,

    Plaintiff,

v.                                       No.:   3:10-cv-320
                                                        (VARLAN/SHIRLEY)

FAYE JEFFERS,

    Defendant.

## MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendant's motion to dismiss and the plaintiff's motion to amend. For the following reasons, the plaintiff's motion to amend [Doc. 11] will be **GRANTED**. The Clerk will be **DIRECTED** to file the proposed amended complaint. Nevertheless, the defendant's motion to dismiss [Doc. 7] will also be **GRANTED**.

Plaintiff is an inmate in the Morgan County Correctional Complex (MCCX). He alleges that although he has signed up for sick call, he has been denied medical treatment. The defendant is Faye Jeffers. The defendant moves to dismiss based upon two grounds: (1) plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), and (2) the complaint fails to state a claim against the defendant. In response, the plaintiff filed his motion to amend the complaint.

Under the PLRA, before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Bock v. Jones*, 459 U.S. 199, 211 (2007) (abrogating the Sixth Circuit's rule that plaintiffs must plead administrative exhaustion and holding that failure to exhaust administrative remedies is an affirmative defense to be established by defendants).

In his original complaint, plaintiff alleged that he arrived at MCCX on June 24, 2010, and had signed up for sick call several times and filed several grievances. Plaintiff further stated that the grievances were pending and he was tired of waiting. The complaint was signed on July 15, 2010. The named defendants were Tennessee Department of Correction Medical Infirmary Dept. and Faye Jeffers. The Court *sua sponte* dismissed the infirmary department because it is not a suable entity under § 1983.

Plaintiff has attached as exhibits to his amended complaint copies of his grievances. It is clear from these grievances, however, including the administration's response, that plaintiff's administrative remedies were not exhausted until after he had filed his complaint. Thus, plaintiff failed to exhaust his remedies prior to filing the complaint, as required by the PLRA.

In addition, although plaintiff named Faye Jeffers as a defendant, plaintiff made no specific allegations against her in the original complaint. In his amended complaint, plaintiff states that Faye Jeffers was at all times the top medical person at MCCX. Plaintiff still

2

makes no factual allegations against the defendant, however, other than to say he has sent nurses to ask her to speak to plaintiff and the nurses say she is too busy. In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). "There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Based upon the foregoing, the defendant's motion to dismiss is well-taken and will be **GRANTED**. This action will be **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER**.

    s/ Thomas A. Varlan
    UNITED STATES DISTRICT JUDGE